**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**MARK URDIALEZ**                                                                                      **PETITIONER**

**VS.**                              **CASE NO. 2:10CV00148 JMM/HDY**

**T.C. OUTLAW, WARDEN,
FCI FORREST CITY, ARKANSAS**                                        **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Mark Urdialez, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He advances two claims for relief: (1) the Bureau of Prisons ("BOP") has violated his rights by refusing to recommend that he receive a 12-month pre-release placement in a residential reentry center ("RRC"); and (2) he has been discriminated against by being denied early release after completing the residential drug abuse program ("RDAP") when inmates in the other areas of the country receive such a benefit.

The respondent seeks dismissal of the petition for failure to exhaust petitioner's administrative remedies and, in the alternative, for lack of merit.

**EXHAUSTION:** A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. *See United States v. Chappel*, 208 F.3d 1069

(8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. § 542.10 through 542.19. Under the procedure, the prisoner first seeks informal resolution of his grievance with the prison staff. If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals. The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. *See Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004).

The respondent attaches a declaration from James D. Crook to the response. Crook, a Supervisory Attorney with the BOP, states that the petitioner has failed to fully exhaust his administrative remedies in that he raised ground one only at the institutional level, and did not raise ground two at any of the three-step administrative levels. The petitioner does not dispute Crook's characterization of his administrative efforts.

While we accept the unrebutted statement that the petitioner has not fully exhausted his administrative remedies, *Ortiz v. Fleming, supra*, instructs that adhering to the exhaustion requirement is not required if such an exercise is futile. Thus, the issue is whether requiring the petitioner to pursue ground one to the final stages of the administrative process and ground two throughout the process is futile. From the Court's vantage point, it is difficult to determine if such an exercise is futile. A petitioner may feel that requiring this step is futile, and indeed the odds may weigh against a petitioner prevailing. Even so, it is speculative for the Court to deem it futile to require the petitioner to complete the administrative process. The BOP should be afforded an

opportunity to fully assess this matter before the federal court intervenes. As a result, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to permit the petitioner to fully exhaust his administrative remedies.

    IT IS SO ORDERED this __15__ day of March, 2011.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE